IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02460-NYW-STV

MARK B. CONLAN, Receiver,

    Plaintiff,

v.

JAMES ROACH II;
JIROCH TAX LAW PLC;
SHAWN STEWART;
AARON STEWART;
KATHLEEN STEWART;
T SQUARED CONTRACTORS LLC; and
WIND RIVER JIROCH LLC, individually and as trustee of the A.L.A. Trust,,

    Defendants.

_____

## ORDER
_____

Entered by Magistrate Judge Scott T. Varholak

    This matter comes before the Court on Plaintiff's Motion for Alternative Service [#74] and Plaintiff's Motion for Extension of Time in Which Plaintiff Must Serve Defendant Kathleen Stewart [#76] (the "Motions"). The Motion for Alternative Service seeks leave to serve Defendant Kathleen Stewart by email and by first-class U.S. mail. [#74 at 20]  The Motion for Extension requests a 30-day extension of the service deadline. [#76 at 1] The Motions have been referred to this Court. [##75, 77] This Court has carefully considered the Motions, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motions.  For the following reasons, the Motions are **GRANTED**.

1

I.      BACKGROUND

Plaintiff initiated this action on September 21, 2023 by filing its Complaint. [#1] Plaintiff has been unable to serve Defendant (personally and as T Squared Contractor's ("T Squared") statutory agent) despite multiple attempts. [*See generally* #74]

On October 12, 2023 Plaintiff's process server attempted service on Defendant at 515 W. 6th Street, Tempe, Arizona 85281, a residential address (the "W. 6th Street Address"). [#74 at 4] According to the Motion for Alternative Service, the address appears on the Arizona Corporation Commission ("ACC") website under the heading "Statutory Agent Information" for the webpage related to T Squared. [*Id*. at 4]

Between October 18 and 23, 2023, Plaintiff's process server made four separate attempts at service on Defendant at 260 East Rio Salado Parkway, Unit 3037, Tempe, Arizona 85281, a residential address (the "Rio Salado Parkway Address"). [*Id*. at 5] Accurint searches and the ACC website listed this address as a possible address of Defendant. [*Id*.]

On October 30, 2023, Plaintiff requested skip traces for Defendant and T Squared from DRG Legal, Inc. ("DRG Legal"). [*Id*. at 6] The Certification of Diligent Inquiry provided by DRG Legal listed the Rio Salado Parkway Address as Defendant's current Address, and it also listed 8082 East Arroyo Hondo Road, Scottsdale, Arizona 85266 (the "Arroyo Hondo Road Address") as a possible alternate address. [*Id*.]

Between November and December 2023, Plaintiff's process server made six attempts at service on Defendant at the Arroyo Hondo Road Address. [*Id*. at 6-7]

On December 5, 2023 Plaintiff emailed Defendant's father, Michael Stewart, and requested that he provide Defendant's current address to facilitate service of process. [*Id*.

2

at 7] Eventually, on January 26, 2024, Michael Stewart substantively responded to this request noting: "I genuinely do not possess knowledge of or have access to a home or work address for my daughter in question." [*Id*. at 10] Michael Stewart's letter provided a phone number and an email address for Defendant. [*Id*.]

On December 8, 2023 Plaintiff asked Aaron Stewart (Defendant's brother) if he would provide Defendant's current address for purposes of serving her. [*Id*. at 12] Plaintiff received no response. [*Id*.] Plaintiff also ordered an updated Accurint search for Defendant, which did not reveal a new address. [*Id*.]

On December 12, 2023 Plaintiff sent Requests to Waive Service of Summonses to Defendant to three addresses recently used by Defendant, and simultaneously emailed these requests to three different email addresses attributed to Defendant in public corporate filings with the ACC. [*Id*. at 12]

Plaintiff also engaged DL Investigations & Attorney Support, LLC ("DL Investigations") to perform skip trace of Defendant, which found the Rio Salado Parkway address is the most current address for Defendant. [*Id.* at 12-13]

On February 5, 2024, DL Investigations attempted to serve Defendant at InterLink Engineering LLC's offices in Phoenix, Arizona, where Defendant is employed. [*Id*. at 13]. However, DL Investigations was advised the Defendant works remotely. [*Id*.]

On February 9, 2024, DL Investigations attempted to reach Defendant by the telephone number provided by Michael Stewart and via her work email address, but Defendant did not respond to either the voice mail message left or the email. [*Id*. at 14]

The Motion includes a Declaration of Christopher Paul Anton in Support of Plaintiff's Motion for Alternative Service [#74-2] and evidence of its attempts to find an

3

address for Defendant [##74-3 – 74-29]  Accordingly, Plaintiff seeks leave of this Court to serve Defendant through various email addresses and by first-class U.S. mail addressed to Defendant's place of business and to her last known residential address, in accordance with the laws of Arizona.  [#74 at 14-18]  Plaintiff also requests a 30-day extension of the service deadline. [#76 at 2] The Court will address the Motion for Extension [#76] first, and then will turn to the Motion for Alternative Service [#74].

## II. DISCUSSION

### I. Extension of Service Deadline

Rule 4(m) of the Federal Rules of Civil Procedure provides that "if the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period."

Here, Plaintiff has been diligent in its service attempts, has shown good cause to extend the service deadline, and the Motion for Extension of Time is unopposed. Accordingly, Plaintiff's [#76] request for a 30-day extension of the service deadline, up to March 20, 2024, is **GRANTED**.

### II. Alternative Service

Federal Rule of Civil Procedure 4(e) governs service on an individual within a judicial district of the United States, and states in relevant part:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]

Fed. R. Civ. P. 4(e)(1). Petitioner relies on Arizona law (i.e., the state where service is to be made) to support its request for alternative service. [#74]

4

Rule 4.1 of the Arizona Rules of Civil Procedure details the available state-law procedures for serving process within Arizona. Pursuant to Rule 4.1(d) of the Arizona Rules, an individual may be served within Arizona using the same methods outlined in Rule 4(e)(2) of the Federal Rules. Additionally, Rule 4.1(k) of the Arizona Rules provides for alternative means of service: "If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner," in which case "the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement" and must, at a minimum, "mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served."

Under Arizona law, the court therefore may allow alternative means of service if a party shows personal service is "impracticable." Ariz. R. Civ. P. 4.1(k)(1). "Impracticability in this context requires 'something less than a complete inability to serve the defendant' and even 'something less than the "due diligence" showing required before service by publication may be utilized'." *MLB Sales Inc. v. RK Gems LLC*, No. CV-23-01526-PHX-DWL, 2023 WL 8376178, at *2 (D. Ariz. Nov. 30, 2023)(citing *Blair v. Burgener*, 245 P.3d 898, 901, 903-04 (Ariz. Ct. App. 2010)). "In the context of Rule 4.1(k), 'impracticable' simply means that the traditional means of service have proved to be 'extremely difficult or inconvenient.'" *Id*.; *see Bank of New York Mellon v. Dodev*, 246 Ariz. 1, 10, 433 P.3d 549, 558 (Ct. App. 2018) (finding lower court did not err in granting alternative service in

5

forcible detainer proceeding where over the course of five days the process server attempted to personally serve Defendant on five occasions).

Here, the traditional means of service have proved to be impracticable. After conducting several Accurint searches and skip traces, Plaintiff made at least twelve separate attempts to serve Defendant at three residential addresses and one business address. [#74 at 4-13] Plaintiff requested the help of Defendant's father, whom lacked information on Defendant's location. [#74 at 10] Plaintiff also requested the help of Defendant's brother but received no response. [#74 at 12] Plaintiff mailed waiver requests to the three addresses recently used by Defendant and simultaneously emailed the requests to three different email addresses attributed to Defendant in public corporate filings with the ACC. [#74 at 12] Plaintiff, via DL Investigations, also attempted to reach Defendant by telephone and via her work email address but received no response. [#74 at 14]

Plaintiff's proposed alternative methods of service—serving Defendant with the summons and pleading via (1) service by mail to InterLink Engineering LLC, 9830 S. 51st Street, Suite B-119, Phoenix, Arizona 85044 and her las known residential address at 260 East Rio Salado Parkway, Unit 3037, Tempe, Arizona 85281 and (2) service by e-via the following email addresses: ks@tsquared.co; katiestewart1149@gmail.com; kathlenestewart@gmail.com; anddefender1989@protonmail.com; and defender1989@protonmail.com—constitute "a reasonable effort to provide the person being served with actual notice of the action's commencement." Ariz. R. Civ. P. 4.1(k)(2); *see MLB Sales Inc.*, 2023 WL 8376178, at *2 (finding alternative service can be

6

completed by service by mail and e-mail). Accordingly, Plaintiff's [#74] Motion for Alternative Service is **GRANTED**.

### III. CONCLUSION

Accordingly, for the reasons discussed above, the Motions [##74; 76] are **GRANTED**.

DATED: February 20, 2024                    BY THE COURT:

                                            s/Scott T. Varholak
                                            United States Magistrate Judge

7